# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TONY HANIF LEE,
      Petitioner,

v.                                                         Case No. 88C0504

DARRELL KOLB,
      Respondent.

## ORDER

Before me now is petitioner's request for a court order authorizing the disbursement of a $45.00 records retrieval fee from his release account so that he may obtain copies of his court records. The use of release account funds is governed by state law. See Wis. Admin. Code § 309.466. According to § 309.466(2), "[r]elease account funds may not be disbursed for any reason until the inmate is released to field supervision, except to purchase adequate clothing for release and for out-of-state release transportation." And, although it is true that in rare instances, the supremacy clause of the United States Constitution requires state law to give way to a competing federal law, petitioner has not pointed to any federal law that would require state officials to give prisoners money from their release account so that they can obtain copies of court records. See Wilson v. Greetan, Case No. 06-C-585-C, 2007 WL 5479069, *2 (W.D. Wis. Oct. 16, 2007). Petitioner suggests that keeping funds in the release account does not benefit him in the way that § 309.466 intended because he is serving a life sentence. However, courts have rejected this argument, finding § 309.466 applicable to all prisoners, even those serving a life sentence. See Wield v. Bett, Case No. 07-cv-570-jcs, 2008 WL 2782862, *1-*2

(W.D. Wis. Jan. 2, 2008); Richards v. Cullen, 150 Wis.2d 935, 939-44 (1989); As such, I do not have the authority to direct prison officials to allow plaintiff access to his release account funds at this time.

**IT IS THEREFORE ORDERED** that petitioner's motion for order that the $45.00 retrieval fee be disbursed from his release account is **DENIED.**

Dated at Milwaukee, Wisconsin this 3 day of December, 2008.

/s
LYNN ADELMAN
District Judge

2